[Docket No. 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND EL BEY ALI, *also known as* RAYMOND L. BARTEE JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY,<br><br>Defendant. | Civil No. 23-3084 (RMB/SAK)<br><br>**MEMORANDUM OPINION** |

**BUMB, Chief District Judge**

This matter comes before the Court upon the filing of an amended application to proceed *in forma pauperis* ("IFP") by Plaintiff Raymond El Bey Ali ("Plaintiff") [Docket No. 9] after this Court previously denied Plaintiff's initial IFP application as incomplete [Docket No. 7]. Since his initial IFP application, Plaintiff also filed an Affidavit [Docket No. 8] in support of his Motion for Preliminary Injunction , Relief from Judgment or Order, and Summary Judgment [Docket No. 4], a Consolidation Motion to Seal [Docket No. 10], a Motion to Appoint Pro Bono Counsel [Docket No. 11], a subsequent Motion for Temporary Restraining Order and Permanent

Injunction [Docket No. 12], and a document entitled "Amended Complaint"[1] [Docket No. 13].

As set forth in the Court's prior Order dated June 9, 2023 [Docket No. 7], 28 U.S.C. § 1915(a) requires an applicant to proceed IFP to submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *see also Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). In his amended IFP application, which is now complete, Plaintiff indicates that he has been unemployed for the past two years, has no assets, and has no other source of income. [Docket No. 9, at 1–3.] Since Plaintiff has now established that he lacks the financial ability to pay the filing fee, the Court shall grant Plaintiff's IFP application.

However, for the reasons set forth in this Court's prior Order [Docket No. 7], the Court shall deny Plaintiff's motions for emergency injunctive relief [Docket Nos. 4, 12]. The Court incorporates its prior finding that Plaintiff's initial "emergency" Motion for Preliminary Injunction, Relief from Judgment or Order, and Summary Judgment [Docket No. 4] is incomprehensible, as it merely quotes Federal and Local

---

[1] The Court finds that the document filed by Plaintiff entitled "Amended Complaint" [Docket No. 13] is not, in fact, an amended pleading regarding the claims in this suit. Instead, Plaintiff notes that the document was filed to "show[] how long the County of Cape May and the S[tate] . . . has [sic] been violating my Due Process." [Docket No. 13, at 1.] Attached to the document are approximately 60 pages of handwritten correspondence and template forms filed by Plaintiff during the pendency of certain state court proceedings in 2014 and 2015. [Docket No. 13-2.] Thus, the Court will dismiss the "Amended Complaint" [Docket No. 13] as moot.

Rules of Civil Procedure and sets forth no relevant facts or law to establish any of the four required factors to obtain preliminary injunctive relief.[2] [Docket No. 7, at 2 (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 180 (3d Cir. 2017), *as amended* (June 26, 2017).]

The Court also finds that Plaintiff's subsequent Motion for Temporary Restraining Order and Permanent Injunction [Docket No. 12] fails to set forth any of the required factors to obtain injunctive relief. Instead, Plaintiff merely states that all of the State's agencies (along with unspecified third-party bill collectors) are committing fraud, that he is amending his claim for monetary relief in the amount of $600,000 to $20,000,000, and Plaintiff also requests "to revoke the state court judge's license, to be granted the Court's Corporate Charter and the attorneys [sic] home." [Docket No. 12, at 1, 3.] Appended to Plaintiff's most recent motion are "coupons" from the New Jersey Family Support Services Center meant to accompany future child support payments by Plaintiff in the amount of $172.00 [Docket No. 12-1, at 2–

---

[2] Plaintiff's recent Affidavit [Docket No. 8] in support of the pending motion also includes no relevant allegations or information. Instead, it appears to include handwritten portions of Form W-8BEN-E from the Internal Revenue Service, which is a template form used by foreign entities to document income received from U.S. sources to document federal taxes owed, available at: https://www.irs.gov/instructions/iw8bene (last visited June 24, 2023). Also appended to the Affidavit filed by Plaintiff is correspondence from the Cape May County Probation Division, Child Support Enforcement and State of New Jersey State Disbursement Unit, both dated June 5, 2023. [Docket No. 8-2, at 1–4.] Such correspondence informs Plaintiff that he is delinquent in making weekly child support payments, that the last payment made was in June 2022, that the current balance owed is $12,782.28, and includes a summary of the child support payments made by Plaintiff during the prior 24-month period. [*Id.*]

5], as well as correspondence from the Maurice River Municipal Court in Vineland, New Jersey, explaining that an arrest warrant was issued for Plaintiff's arrest after he failed to appear at a scheduled court date for a traffic summons [*Id.* at 7].

Importantly, "using the federal courts as a forum to appeal a state court judgment" is squarely prohibited under the *Rooker-Feldman* doctrine, including with respect to "collecting child support monies" pursuant to a state court order and with respect to municipal traffic court proceedings. *Eisenstein v. Ebsworth*, 148 F. App'x 75, 77 (3d Cir. 2005). Any appeal of such state court proceedings lies with the appellate courts of New Jersey, and ultimately, the United States Supreme Court. Since Plaintiff has not met his burden to set forth the requirements to obtain emergent injunctive relief and because the *Rooker-Feldman* doctrine appears to bar any claims upon which Plaintiff's motions appear to be based, Plaintiff's motions for emergency injunctive relief [Docket No. 4, 12] shall be denied.

Next, the Court considers whether the Complaint in this matter should be dismissed. A complaint filed by a litigant proceeding IFP is subject to *sua sponte* dismissal by the Court if the case is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citation omitted). "The legal standard for dismissing a complaint for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In other words, the Complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim for relief." *Id.* (citations omitted).

Here, Plaintiff does not allege sufficient factual support to give rise to any of the claims set forth in the Complaint. Plaintiff alleges that his claims are based upon the following three federal laws: the Treaty of Peace and Friendship of 1786, 42 U.S.C. § 1983 ("Section 1983"), and 28 U.S.C. § 1333 ("Section 133"). [Docket No. 1, at 2.] As factual support for his claims, Plaintiff alleges that since 2016, the State and "County of Cape May . . . have been acting in conspiracy to deprive [him] of [his] [D]ue Process Rights;" more specifically, he alleges that together these government entities (only one of which is named as a defendant) kidnapped him, ignored his court filings in unspecified state court proceedings, kidnapped his two daughters and placed them in foster care, that he "was the victim of a crime where [he] was shot 7 times and had to undergo 5 operations," was refused "victim [c]ompensation through the Victim of Crime Compensation Office," and that such office "also refused to award [him his] disability claim." [*Id.* at 3.] In the *pro se* Complaint, Plaintiff states that his injuries consist of the State's "refus[al] to acknowledge [his] status correction and name change to Raymond El Bey Ai." [*Id.* at 4.] The Complaint also states that Plaintiff seeks the following relief: return of his

daughters, an award of $300,000 "in compensation out of my Treasury account," that his "record be expunged under [his] old name," compensation of $300,000 "for the deprivation of my [r]ights by officers acting under [c]olor of State [l]aw," and compensation for his [d]isability [c]laim and [v]ictim of [c]rime [c]ompensation [c]laim in an amount reasonable to the Courts." [*Id.*]

Plaintiff has a long history of filing factually unsupported *pro se* complaints in this District. Plaintiff filed an Exhibit to the Complaint, comprised of 977 pages of miscellaneous documents, including docket reports, opinions, orders, and other miscellaneous filings from at least a dozen different *pro se* lawsuits initiated by Plaintiff in this District against various defendants from 2014 through 2017 (most of which were dismissed before summons ever issued). [Docket No. 2, at 1–20.] The Exhibit makes clear that these earlier suits involved a host of different claims by Plaintiff, including, for example, under Section 1983 [*Id.* at 102], Section 1333 [*Id.* at 117], for guardianship over Plaintiff's daughters [*Id.* at 127], habeas corpus petitions [*Id.* at 182], for victim compensation, and to appeal a denial of social security benefits from the Social Security Administration[3] [*Id.* at 197–977]. But the factual

---

[3] The majority of the nearly 1,000-page Exhibit to the Complaint filed by Plaintiff is a copy of the Administrative Record filed in federal court appealing the denial of Plaintiff's social security benefits by the Social Security Administration. *See Raymond B. v. Commissioner of Social Security*, 22-cv-159, Docket No. 12 (Williams, J.) (Apr. 28, 2022) (dismissing Plaintiff's appeal without prejudice and noting that his amended claim against the Victim of Crime Compensation Office "fall[s] outside the ambit of the Court's jurisdiction" to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405).

allegations allegedly giving rise to those earlier filed suits remains unclear.

Here, the federal laws cited by Plaintiff do not appear to be applicable based on the allegations set forth in the Complaint. The Court finds that the Complaint fails to state a plausible claim for relief under the Treaty of Peace and Friendship of 1786 entered into by the United States of America and the Kingdom of Morocco.[4] Nor does the Complaint include sufficient factual allegations to give rise to any claim under Section 1333, which grants District Courts original jurisdiction over civil cases of admiralty or maritime jurisdiction and proceedings regarding any prize brought into the Unites States (and for the condemnation of property taken as prize). 28 U.S.C. § 1333.

Plaintiff's remaining cause of action arises under Section 1983; however, to state a claim for relief under Section 1983, Plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The allegations in Plaintiff's Complaint, even if viewed in a light most favorable to Plaintiff, do not allege

---

[4] As explained by the District Court in *El Ameen Bey v. Stumpf*, reliance on the Treaty of Peace and Friendship of 1787 "for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous." 825 F. Supp. 2d 537, 558 (D.N.J. 2011). Here, Plaintiff's claims appear to be based entirely on events that occurred within the United States.

7

violation of any constitutional right by a person acting under color state law.[5]

In conclusion, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss this suit, without prejudice, and deny the remaining pending motions as moot. **If Plaintiff moves to reconsider this Order or to reopen this suit pursuant to Fed. R. Civ. P. 60(b), the motion will not be filed, or the case reopened, unless Plaintiff includes a three-page letter that sets forth each specific cause of action Plaintiff intends to pursue and a summary of the supporting factual allegations that give rise to each separate cause of action.**

An accompanying Order of today's date shall issue.

June 20, 2023                                              s/Renée Marie Bumb
Date                                                             Renée Marie Bumb
                                                                     Chief District Judge

---

[5] The only named defendant in the Complaint is the State itself, which is not a "person" amenable to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983").